IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES DRURY                                                                                    PLAINTIFF

vs.                                                                   CIVIL ACTION NO. 1:13cv0141-SAA

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION                                                                 DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff James Drury for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for SSI on March 31, 2008, alleging disability beginning February 27, 2008. Docket 7, p. 233. His claim was denied initially on May 20, 2008 (*Id.* at 159) and on reconsideration on July 10, 2008. *Id.* at 162. He filed a written request for hearing on August 9, 2008 and was represented by counsel at the hearing held on May 7, 2010. *Id*. at 53-87. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 23, 2010 (*Id.* at 120-35), and the Appeals Council vacated the ALJ's decision and remanded to the ALJ with direction to further develop the record. *Id.* at 136-38.

A new ALJ was assigned to the case, and she held a a hearing on May 19, 2011. She issued an unfavorable decision on July 1, 2011. *Id.* at 139-54. Again, the Appeals Council vacated the ALJ's decision and remanded with direction to reconcile the weight afforded the treating physician's opinion with the less limiting RFC reached by the ALJ and to further develop the record. Docket 7, p. 155-57. The same ALJ held a third hearing [the second hearing before her] on May 19, 2011 (Docket 7, p. 88-115) and issued yet another unfavorable decision

on January 23, 2013.  *Id.* at 9-22.  This time the Appeals Council denied plaintiff's request for review on June 4, 2013.  Docket 7, p. 1-5.  Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review.  Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on February 27, 1990, and completed high school and earned an Associate's degree in collision repair.  Docket 7, p. 30, 34.  He was eighteen years old at the time of the application.  His past work included being a cleaner and cashier.  *Id.* at 31.  He contends that he became disabled before his application for SSI due to "OCD, anxiety disorder, panic disorder, depression, personality disorder, insomnia, [and] severe paranoia."  Docket 7, p. 237.

The ALJ determined that plaintiff suffered from a "severe" impairment of "anxiety disorder with obsessive compulsive features, depression and cluster C personality traits" (Docket 7, p. 15), but that the impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 416.920(d), 416.925 and 4165.926).  *Id.* at 16.  Based upon testimony by a vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC)

> to perform a full range of work at all exertional levels but with the following nonexertional limitations; he can do routine repetitive tasks, low stress jobs with no high production pace, no rapid changes in demands, interaction with others on a routine and casual basis, and which did not involve crowds or public interaction.

*Id.* at 17.  The ALJ rejected his claims of disability, concluding that even though the plaintiff had severe impairments and could not perform his past relevant work, there nevertheless exist jobs in significant numbers in the national economy that plaintiff can perform [Docket 7, p. 21], and

plaintiff accordingly is not disabled under the Social Security Act. *Id.* at 22.

Plaintiff argues that the ALJ erred in failing to properly consider the treating physician's opinions and reconcile the physician's opinions with the RFC as directed by the Appeals Council on the two prior remands. He also contends that the ALJ failed to resolve a conflict between the VE's testimony and the DOT. Docket 11, p. 12, 20.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[1] *See* 20 C.F.R. § 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. § 416.920(b) (2010).

[4] 20 C.F.R. § 416.920(c) (2010).

[5] 20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence

---

[6] 20 C.F.R. § 416.920(e) (2010).

[7] 20 C.F.R § 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues that the ALJ did not properly consider the treating physician's opinions and reconcile his opinions with plaintiff's RFC as directed by the Appeals Council on the two prior remands. Docket 11. In particular, she failed to include in her RFC Dr. Chechelashvili's opinion that plaintiff would not be able to "complete a normal workday and workweek without interruptions from psychologically based symptoms" or "respond appropriately to changes in a routine work setting." Docket 11, p. 12-20. Interestingly, the ALJ did afford Dr. Chechelashvili's opinion significant weight, and she did mention in her opinion the limitations on plaintiff's ability to work, but she neither included those limitations in the RFC nor reconciled the weight afforded to Dr. Chechelashvili's opinion with the RFC. Docket 7, p. 20.

In her opinion, the ALJ provided no reason for failing to include the more restrictive limitations opined by Dr. Chechelashvili. However, the Commissioner asserts that the "ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion." Docket 12, p. 7. That argument simply does not apply in this circumstance. Dr. Chechelashvili is the only physician whose opinion was given any weight, and the ALJ made no reference to any

5

contradictory evidence.[11]  The ALJ mentioned and briefly discussed a non-examining consulting DDS psychologist, Dr. Sharon Scates, who provided an Mental Residual Functional Capacity Assessment on May 19, 2008, a month after plaintiff filed his application.  Docket 7, p. 392-95.  Dr. Scates obviously did not have the complete record as she completed the MRFCA before Dr. Chechelashvili submitted his opinion, dated April 19, 2010.  Docket 7, p. 481-84.  Dr. Chechelashvili is the only physician who has treated the plaintiff for a multi-year period.  The ALJ did not indicate that any weight was afforded to Dr. Scates' opinion and, more importantly, did not indicate that Dr. Scates's opinion provided any basis upon which to reject the limitations provided by Dr. Chechelashvili.

 The ALJ also mentions that Dr. Robert Hardy saw plaintiff on two occasions, January 25 and July 25, 2012, but Dr. Hardy did not provide any limitations or opinions as to plaintiff's disability, and the ALJ accorded his opinion no weight.  To be clear, the only opinions as to plaintiff's abilities and limitations discussed by the ALJ were those of Dr. Chechelashvili and Dr. Scates.  She gave Dr. Scates's opinions no weight and Dr. Chechelashvili's opinions significant weight.  Because she mentioned no basis upon which to discount Dr. Chechelashvili's opinions, all of the limitations provided by Dr. Chechelashvili should have been included in the RFC.

To support the ALJ's failure to reconcile Dr. Chechelashvili's opinion with the RFC, the Commissioner asserts that the ALJ properly "considered the fact that Dr. Chechelashvili did not opine that Plaintiff was totally disabled."  Docket 12, p. 8.  Although not artfully articulated, it

---

[11]It is noteworthy that plaintiff has been treated frequently and continuously by the doctors and therapists at Community Counseling Services from 2006 until at least 2012, including Drs. Chechelashvili, Hardy and Saleem and therapists Latham and Taylor.

appears that the Commissioner is arguing that the ALJ discounted Dr. Chechelashvili's opinions because he did not express a conclusion as to the ultimate issue of disability. The court is frankly confused as to why the Commissioner makes such an argument when an opinion as to the ultimate issue of disability is clearly one that is reserved for the ALJ. 20 CFR § 416.927(d)(1).[12] Further, nothing in the record reflects that Dr. Chechelashvili was ever asked to express an opinion as to whether plaintiff is disabled or that the ALJ actually discounted the physician's opinion on that basis.

Plaintiff asserts that the opinions of his therapists, which admittedly are not considered "acceptable medical sources," nevertheless should have been weighed and considered just as non-medical sources are considered. Docket 11, p. 18. According to the Commissioner, the ALJ complied with Social Security Regulation ("SSR") 06-03p and did not have to provide any weight to the therapists' opinions. SSR06-03p does not require that an ALJ give a particular amount of weight to therapists, but it does state that a non-acceptable medical source, such as a therapist, may be given more weight if

> he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion. Giving more weight to the opinion from a medical source who is not an 'acceptable medical source' than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p.

---

[12]The court is troubled by the Commissioner's presentation of this argument as the Commissioner routinely uses the *opposite* argument – that the issue of disability is one reserved for the ALJ, and an ALJ can properly discount a physician's opinion *entirely* for offering an opinion on the subject. These conflicting arguments, based on the circumstances under which an ALJ's opinion needs bolstering, are not only not helpful to the court, but they also suggest disingenuity. An argument of convenience is not a valid or appropriate argument in a court of law.

This is a prime example of a case where due to financial constraints, plaintiff has been treated by therapists on a regular basis. His therapists have provided very detailed reports and have seen plaintiff exponentially more times than his treating physicians. The ALJ certainly had authority in this situation to provide significant weight to the therapists' opinions given the nature of plaintiff's treatment. Because the ALJ did not provide any indication of the amount of weight afforded to plaintiff's therapists, it is impossible for the court to determine whether the ALJ's consideration of their opinions was proper. As a matter of note, the ALJ did state that the assessments provided by the therapists were provided before plaintiff's attempt to return to work and that the therapists "assessments might have been more optimistic with this evidence of prolonged employment." Docket 7, p. 20. It does not appear that the ALJ requested any updated opinions from either plaintiff's treating physician or his therapists before issuing her opinion, but Lorie Latham, a licensed professional counselor from Community Counseling Services under the care of Dr. Sarkar Aleem, provided an updated opinion after the ALJ's opinion was issued, and the Appeals Council did accept the opinion as new and material and included it in the certified record. Docket 7, p. 513-16 Latham's opinion was not the more optimistic opinion the ALJ had hoped, but instead was even more restrictive.

The very nature of mental health treatment is very different from treatment for physical ailments. Clearly, therapy is an integral part of the mental health treatment process and often involves treatment by therapists in a psychologist's or psychiatrist's office. The mental health therapy is overseen by the psychologist or psychiatrist just as physical therapy is prescribed and overseen by other physicians. Other courts have held that an ALJ should consider the opinions of the treating therapist, particularly when they are consistent with the psychiatrist's notes and

8

opinions. *See Minner v. Astrue*, 741 F.Supp.2d 591, 603 (D. Del. 2010). The Western District of New York held that an ALJ erred by discounting the office notes and opinions signed by claimant's treating psychiatrist on basis that they were merely the opinions of a social worker. *Keith v. Astrue*, 553 F. Supp. 2d 291, 300-01 (W.D. N.Y. 2008). The Western District of Wisconsin held that an ALJ erred in disregarding the opinions of claimant's treating psychotherapist on the basis that she was not an acceptable medical source. Instead, the psychotherapist's opinion amounted to that of an acceptable 'other source' since it could establish the severity of an impairment and its effects on claimant's ability to function. *Pfeiffer v. Astrue*, 576 F. Supp. 2d 956, 963 (W.D. Wisc. 2008). Here, the therapists routinely treated the plaintiff, and the ALJ gave them no weight simply because they were not "acceptable medical sources." Both the Social Security regulations and persuasive case law support plaintiff's argument that the ALJ should have afforded the opinions of his therapists a specific weight, particularly considering the length, frequency and nature of the treatment.

The Commissioner cites *Taylor v. Astrue*, 245 Fed. Appx. 387, 391 (5th 2007) and *Hernandez v. Heckler*, 704 F.2d 857, 861 (5th 1983) for the proposition that the ALJ did not have to provide good cause for her failure to give the therapists any weight or evaluate their opinions using the physician factors listed at 20 C.F.R. §416.927(c), but *Taylor* and *Hernandez* do not support that proposition at all. The portions of *Taylor* and *Hernandez* cited by the Commissioner concern the fact that there must be consistent visits to a physician for him/her to be considered "treating." Where Taylor had only visited a physician two times, four years apart, the physician's care was not considered continuous. Similarly, Hernandez only saw a physician he asserted was a "treating physician" on two occasions over a year and a half apart, and the Fifth

9

Circuit held that the ALJ was not required to give the physician's opinions greater weight than any of the other physicians because he was not "treating." *Taylor* and *Hernandez* simply do not apply to this case at all.

Although it expresses no opinion on whether the plaintiff is disabled or not, the court concludes that the ALJ's opinion is not supported by substantial evidence, and this case should be remanded for further consideration. The Appeals Council has twice ordered the ALJ to articulate not only the reasons supporting the weight he/she assigned to both the treating physicians and plaintiff's therapists and to "provide rationale with specific references to evidence of record in support of assessed limitations." Docket 7, p. 137-38. Although the ALJ did indicate that she afforded Dr. Chechelashvili's opinion significant weight, she did not indicate how much weight was afforded the therapists or provide any rationale with references to record evidence in support of the RFC. In particular, the ALJ failed to provide record evidence to support her refusal to include in her RFC the most limiting restrictions provided by Chechelashvili. "An ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Morgan v. Astrue*, 2010 WL 2697170, *8 (N.D.Tex. July 7, 2010), citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). It appears that the ALJ simply did that – picked Dr. Chechelashvili's opinion to follow, but chose, without any record support, not to include his most limiting restrictions in the RFC.

The record only contains one opinion from any physician who has treated plaintiff regarding his functional abilities throughout the relevant period. An RFC assessment based upon plaintiff's treating sources was especially important in this case given that the only one physician's opinion was given any weight and the other physician who provided an RFC

assessment neither examined plaintiff nor had all of the plaintiff's medical records when she formed her opinions. Based upon a review of the non-examining state-agency physician's "check-box form," it does not appear that she had any treating or examining source statements to review or consider in formulating his opinion; consequently, Dr. Scates's opinion can hardly be considered proper medical evidence from a qualified medical expert. By failing to support her RFC determination with proper expert medical evidence, the ALJ committed legal error.

The court understands that plaintiff's medical history does not include treatment by many acceptable medical sources or many visits to an acceptable medical source. However, the ALJ cannot pick and choose portions of the treating physician's opinion and afford no weight to the opinions of the therapists that have provided very thorough and detailed facts and opinions simply because plaintiff cannot afford extensive medical care from acceptable medical sources. It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear whether the ALJ properly considered the record evidence to reach the RFC and the ultimate conclusion that plaintiff is not disabled. It is clear that the ALJ could have fully developed the record by seeking further information from plaintiff's treating physician and therapists, or even ordering a follow-up review by an examining physician once he/she had been provided all the records and medical source statements, and it probably would have been helpful for the ALJ to have done so. In such a case as this, where the ALJ wishes to rely partially on the treating physician, but provide no basis for why some of the treating physician's limitations were excluded from the RFC, the ALJ must specify what record evidence supports her decision. The undersigned holds that the decision of the Commissioner should be remanded to a different ALJ for further proceedings consistent with this opinion.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded for assignment to a different ALJ for further development of the record if necessary to allow proper reconsideration of the opinions of plaintiff's treating physician and therapists.  Because the case is being remanded for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 17th of March, 2014.

                                          /s/ S. Allan Alexander
                                          UNITED STATES MAGISTRATE JUDGE